

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Otto P. Moore
County Attorney
Colorado County
Columbus, Texas

Dear Mr. Moore:

Opinion No. O-7186

Re: Duties of the County Clerk
of Colorado County in con-
nection with the actions of
the Colorado County Flood
Control District

Your letter of recent date requesting the opinion of
this department on the questions therein stated, in part, is as
follows:

"1. Is it necessary that a minute book, separate
and apart from the proceedings of the Commissioners'
Court, be kept?

"2. If the proceedings can be shown in the regular
minutes of the Court, will it be permissible that moneys
paid out be shown in the Minutes or Accounts Allowed of
the Commissioners' Court and an account opened in the reg-
ular ledger of the County?

"3. Is the County Clerk ex-officio Clerk of the
above board?"

The last paragraph of Article 1, Section 1, H. B. 362,
Acts 47th Legislature, provides as follows:

"The Commissioners Court of Lavaca County, Texas, is
hereby designated as the governing body of such District
and the agency through which the management and control of
the District shall be administered, and it is hereby em-
powered to do any and all things necessary to carry out
the aims and purposes of this Act."

Article 1, Section 12, H. B. 362, supra, provides as
follows:

"The County Judge, County Commissioners, the Assessor
and Collector of taxes, the County Treasurer, and the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

depository are authorized to, and shall be required to, perform all duties in connection with the Flood Control District required of them by law in connection with official matters for Lavaca County, and the County Auditor shall be the Auditor for the Lavaca County Flood Control District."

Article 2349, Vernon's Annotated Civil Statutes, provides as follows:

"The Court shall require the county clerk to keep suitable books in which shall be recorded the proceedings of each term of the court; which record shall be read and signed after each term by the county judge, or the member presiding and attested by the clerk. The clerk shall also record all authorized proceedings of the court between terms; and such record shall be read and signed on the first day of the term next after such proceedings occurred."

Article 2345, V.A.C.S., provides as follows:

"The county clerk shall be ex-officio clerk of the Commissioners court; and he shall attend upon each term of said commissioners court; preserve and keep all books, papers, records and effects belonging thereto, issue all notices, writs and process necessary for the proper execution of the powers and duties of the commissioners court, and perform all such other duties as may be prescribed by law."

The word "proceedings" in Article 2349, supra, is used in its ordinary sense and means the official functions of the court. Such functions are not limited to any particular class of functions, but on the contrary they include every official act done by the members of the court in the course of their sessions.

We, therefore, answer your question number one in the negative.

We answer your question number two in the affirmative.

Your question number three cannot be answered properly in the affirmative or negative. However, we advise you that, in view of the statutes cited, supra, and the wording of Article 1, Section 1, quoted in part from H. B. 362, supra, it is the duty of the County Clerk to keep officially and record all of the proceedings of the

831

Colorado County Flood Control District.

Trusting that we have fully answered your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 13, 1946

By

Joe McCasland
Assistant

JM:djm

